ACCEPTED
15-25-00076-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/12/2025 4:16 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00076-CV

| | | |
|---|---|---|
| Terry Brent Williams, | § | IN THE |
| Appellant, | § | COURT OF APPEALS |
| | § | FOR THE |
| v. | § | TENTH JUDICIAL DISTRICT, |
| Tracy Leeann Williams, | § | WACO, TEXAS |
| Appellee. | § | |

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/12/2025 4:16:42 PM
CHRISTOPHER A. PRINE
Clerk

## OBJECTION TO POST-BRIEFING REQUEST TO ALTER APPELLANT'S DESIGNATED RECORD

The Rules of Appellate Procedure contain clear requirements for a party's designation of the record. A request for a reporter's record is to be made at or before the time for perfecting appeal and must be filed with the trial court clerk. Tex. R. App. Proc. 34.6(b)(1), (2). Even if a request is untimely, if the court reporter tenders the requested record for filing, it is to be filed. Tex. R. App. Proc. 34.6(b)(1), (2).

On April 15, 2025, Appellant made a timely request for preparation of the reporter's record specifically identifying two hearings. (CR 192). That is the *only* request that was filed in accordance with Rule 34.6(b)(2). As discussed in Appellee's brief Rule 34.6(c) establishes the effect of requesting a partial record. While Rule 34.6(d) permits supplementation of the record with items that have been "omitted," construing that part of the Rule as permitting a party who designated a partial record to avoid the effect of part

1

(c) by simply seeking a supplemental record after the briefs are filed, would negate procedure it establishes, and the cases construing the effect of the Rule.

That is what Appellant seeks to do now. After both parties filed their briefs, Appellant filed a reply which sought to have the Court consider a transcription that was never requested under the Rules and not submitted by the court reporter. Appellee objects to the record never requested and omitted from the request which was filed.

Without filing a motion in accordance with Rule 10, Appellant now seeks to have the Court "assist" in securing the record that was never requested in accordance with the Rules. That would not be consistent with the Rules. That is particularly so where the attachments to Appellant's letter show Appellant's counsel first contacted the court reporter who transcribed the September 2024 hearing until July 17, 2025. That was after the reporter's record was due. It was also almost two months before Appellant filed his brief. Although counsel for Appellant was aware of the September 2024 at the time of filing, the brief makes no mention of the September 2024 hearing and was filed without any continuance to properly request and secure a record of that hearing. Appellee objects to altering the appellate record at this stage in the appeal.

Respectfully submitted,

2

_/s/_Clint Sare_____
Clint F. Sare
Tex. Bar No. 00788354
PO Box 1694
Bryan Texas 77806
cfs@sarelaw.com
979-822-1505

CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served on counsel for Appellant, Susan Clothier, by electronic service on November 12, 2025.

_/s/_Clint_Sare_____

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107975967
Filing Code Description: Other Document
Filing Description:
Status as of 11/12/2025 4:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Susan J.Clouthier | | susan@clouthierlaw.com | 11/12/2025 4:16:42 PM | SENT |
| Clint F.Sare | | cfs@sarelaw.com | 11/12/2025 4:16:42 PM | SENT |